**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

Dominic Black Pro-Se-Petitioner
_____

Plaintiff
_____

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

- against -

Pennsylvania Board of Probation and Parole
Kara W. Haggerty
John J. Talaber Esq.
Lisa Moser
Department of Corrections Pennsylvania
John Wetzel

Defendants
_____

_____

_____

_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

FILED
SCRANTON

JUN 1 0 2020

Per_____
DEPUTY CLERK

**COMPLAINT**

under the
Civil Rights Act, 42 U.S.C. § 1983
(Prisoner Complaint)

Jury Trial: ☑ Yes   ☐ No
(check one)

BIVENS: ☑ Yes ☐ No

**I.     Parties in this complaint:**

A.     List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff        Name   Dominic Black
                 ID #   DM3413
                 Current Institution   SCI ~~Fayette~~ Benner Township
                 Address  301 Institution Drive
                          ~~Benner Township~~
                          Bellefonte, PA  16823

*Rev. 10/2009*

Pro Se 14 (Rev. 09/16) Complaint for Violation of Civil Rights (Prisoner)

## I.     The Parties to This Complaint

### A.     The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

Name     DOMINIC BLACK

All other names by which you have been known:

ID Number     DM3413

Current Institution     SCI AT BENNERTOWNSHIP

Address     301 INSTITUTION DRIVE

BELLEFONTE     PA     16823
    *City*     *State*     *Zip Code*

### B.     The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

Name     PENNSYLVANIA BOARD OF PROBATION AND PAROLE

Job or Title *(if known)*     MAKE PAROLE BOARD DECISION LISA MOSER

Shield Number

Employer     GOVERNMENT

Address     1101 SOUTH FRONT STREET - SUIT 5100

HARRISBURG     PA     17104
    *City*     *State*     *Zip Code*

[✓] Individual capacity     [✓] Official capacity

Defendant No. 2

Name     JOHN J. TALABAR, ESQ.

Job or Title *(if known)*     BOARD SECRETARY / GOVERMENT

Shield Number

Employer     PENNSYLVANIA BOARD OF PROBATION AND PAROLE - GOVERNMENT

Address     1101 SOUTH FRONT STREET - SUIT 5100

HARRISBURG     PA     17104
    *City*     *State*     *Zip Code*

[✓] Individual capacity     [✓] Official capacity

Pro Se 14 (Rev. 09/16) Complaint for Violation of Civil Rights (Prisoner)

**Defendant No. 3**

Name *KARA W. HAGGERTY*

Job or Title *(if known)* *ASSISTANT COUNSEL-ADMINISTRATIVE REVIEW DESIGNEE / GOVERNMENT*

Shield Number

Employer *PENNSYLVANIA BOARD OF PROBATION AND PAROLE-GOVERNMENT*

Address *1101 SOUTH FRONT STREET - SUIT 5100*

*HARRISBURG* *PA* *17104*
    City              State        Zip Code

☑ Individual capacity   ☑ Official capacity

**Defendant No. 4**

Name *DEPARTMENT OF CORRECTIONS OF PENNSYLVANIA*

Job or Title *(if known)* *SUPERINTENDANT - JOHN WETZEL*

Shield Number

Employer *DEPARTMENT OF CORRECTIONS OF PENNSYLVANIA-GOVERNE*

Address *1920 TECHNOLOGY PARKWAY*

*MECHANICSBURG* *PA* *17050*
    City              State        Zip Code

☑ Individual capacity   ☑ Official capacity

II.    **Basis for Jurisdiction**

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971),* you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

☑ Federal officials (a *Bivens* claim)

☑ State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

*AMENDMENT 474 SEC. 1 B1. 1(b), CONSTITUTIONAL TORTS CLAIM AND CAUSES OF ACTIONS IMPLIED UNDER THE CONSTITUTION, 4th, 14th, 8th AMENDMENT CLAIM Ex POST FACTO CLAUS ART. 1 SEC. 9 C 1.3, DUE PROCESS, ILLEGAL INCARCERATION SENTENCE, ILLEGAL SENTENCE*

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens,* what constitutional right(s) do you claim is/are being violated by federal officials?

Pro Se 14 (Rev. 09/16) Complaint for Violation of Civil Rights (Prisoner)

ILLEGAL INCARCERATION, ILLEGAL SENTENCE
AMENDMENT H74.SEC. 181 .1106), ART. I sec 9 C l.3
ART. I sel 10    6th
Ex Post Facto Claus, ILLEGAL INCARCERATION, 4th, 8th, 14th ~~~~~ Amendment

D.  Section 1983 allows defendants to be found liable only when they have acted "under color of any
statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of
Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color
of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of
federal law. Attach additional pages if needed.

ILLEGAL INCARCERATION - PAROLE DID NOT CREDIT HIS TIME AND ADDED IT
ONTO HIS ORIGINAL MAX DATE, IN WHICH HE IS INCARCERATED AT THIS TIME
BECAUSE OF IT AND DEPARTMENT OF CORRECTIONS IS HOLDING HIM FOR PAROLE BOARD.
SEE ATTACHED CIVIL SUIT, THE PAROLE BOARD IS ADMINISTRATIVE LAW FOR
THE GOVERNMENT AND DOC IS HOLDING PETITIONER FOR PAROLE BOARD

III.  **Prisoner Status**

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐  Pretrial detainee

☐  Civilly committed detainee

☐  Immigration detainee

☑  Convicted and sentenced state prisoner

☐  Convicted and sentenced federal prisoner

☑  Other *(explain)*    ILLEGAL INCARCERATION ~~BEING~~ HELD BY DOC & PAROLE BOARD

IV.  **Statement of Claim**

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the
alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include
further details such as the names of other persons involved in the events giving rise to your claims. Do not cite
any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain
statement of each claim in a separate paragraph. Attach additional pages if needed.

A.  If the events giving rise to your claim arose outside an institution, describe where and when they arose.

PENNSYLVANIA Board of PROBATION AND PAROLE
AT PAROLE VIOLATION HEARING July 5, 2013
SEE ATTACHED CIVIL SUIT, ILLEGAL INCARCERATION PAROLE BOARD

B.  If the events giving rise to your claim arose in an institution, describe where and when they arose.

DOC OF PENNSYLVANIA & PAROLE BOARD
AT PAROLE VIOLATION HEARING RESULTING A NEW GREENSHEET
SEE ATTACHED CIVIL SUIT, ILLEGAL INCARCERATION PAROLE BOARD - July 5, 2013   BY

Pro Se 14 (Rev. 09/16) Complaint for Violation of Civil Rights (Prisoner)

C.    What date and approximate time did the events giving rise to your claim(s) occur?

~~August 16, 2013 (GREENSHEET)~~

July 5, 2013 at Parole Violation Hearings ~~For Illegal Incarceration~~

D.    What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

THE PAROLE BOARD WAS INVOLVED. THE BOARD ADD THE TIME THAT WAS NOT CREDITED TO PETITIONER AND IT WAS ADDED TO HIS ORIGINAL MAX DATE TO INCREASE HIS PUNISHMENT FOR A CRIME AFTER IT HAS BEEN COMMITTED, THE DEPARTMENT OF CORRECTIONS OF PENNSYLVANIA HAS HELD PETITIONER BLACK INSIDE A THE STATE CORRECTIONAL INSTITUTION AT Benner township, Coal township and CAMP Hill FOR ~~ILLEGAL~~ INCARCERATION. (GEORGIA LATSHAW PAROLE AGENT) AFTER HIS ORIGINAL MAX DATE HAS EXPIRED.

V.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Pennsylvania Department of Corrections Held Petitioner For Illegal Incarceration ~~For~~ Pennsylvania Board of Probation and Parole AFTER His ORIGINAL MAX DATE EXPIRED.

VI.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

LIABILITY- VIOLATION OF U.S. CONSTITUTION Ex Post Facto Claus Art. 1 SEC. 9 CL.3
DILIGENCE- BIVENS CLAIM-FOR ILLEGAL INCARCERATION -DAMAGES - FALSE IMPRISONMENT
         1983 CLAIM -FOR VIOLATION OF 4th, 6th, 8th, 14th AMENDMENTS
         SEC. 305 @1 (42 U.S.C. SEC. 1910(e)(1)(PREVAILING PLAINTIFF MAY RECER FEES
         IF DEMAND MADE IN COMPLAINT)
         MONETARY DAMAGES OF 5.3 (Five point ~~three~~) MILLION DOLLARS
         POSSIBLE RELEASE OF ILLEGAL INCARCERATION

Pro Se 14 (Rev. 09/16) Complaint for Violation of Civil Rights (Prisoner)

## VII. Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A.  Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

SCI Camp Hill, SCI Benner Township, SCI Coal Township.

B.  Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C.  Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☒ Yes

☒ No

☐ Do not know

If yes, which claim(s)?

ADMINISTRATIVE REVIEW — Appeal to Commonwealth Court

SEE CIVILSUIT pg. 2 Prison Litigation Reform Act 42. USC, sec 1997
ADMINISTRATIVE LAW Procedure General Provision - ADJUDICATION

Pro Se 14 (Rev. 09/16) Complaint for Violation of Civil Rights (Prisoner)

D.   Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☑ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☑ Yes

☐ No

E.   If you did file a grievance:

1.   Where did you file the grievance?

*Parde Board, Administrative Relief, Pennsylvania Board of Probation and Parole.*

2.   What did you claim in your grievance?

Seperation of Powers, Doctrine, - Due Process - Violation of Constitutional rights
5 years was added to original max date.
The mitigated sentence did not exceed (go pass) original max.
The max date was illegal and violated the Parolees constitutional rights,
contest the calculation of extended max date of June 17, 2017 led to
false imprisonment.

3.   What was the result, if any?

The delay of response is of the Parde Board not the Petitioner

It was denied by delay of response on May 13, 2014
from the Pennsylvania Board of Probation and Parole.

4.   What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

Submitted a Federal Habeas Corpus in Pennsylvania
Middle District Court - 3:15-CV-00949 - Still has not been decided
Yes, the grievance process is complete.
Commonwealth Court ~~denied~~ it was denied February 7, 2014
See Exhibits A - E   Because of delay of Parde Board.

Pro Se 14 (Rev. 09/16) Complaint for Violation of Civil Rights (Prisoner)

F.   If you did not file a grievance:

1.   If there are any reasons why you did not file a grievance, state them here:

SEE ATTACHED LETTER - COMMONWEALTH OF PENNSYLVANIA GOVERNOR'S OFFICE OF GENERAL COUNSEL. FILED ADMINISTRATIVE REVIEW WITH PAROLE BOARD ON Sept. 4, 2013

PAROLE BOARD DOES NOT HAVE A GRIEVANCE SYSTEM, ONLY ADMINISTRATIVE REVIEW

2.   If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

JOHN J. TALABER, KARA W. HAGGERTY, PAROLE BOARD
KIMBERLY A. BARKLEY - BOARD SECRETARY

LISA MOSER - DIRECTOR OF THE PAROLE BOARD, Administrative Review, DENIED

G.   Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

SEE ATTACHED - MOTION - CIVIL pg. 11

FILED WRIT OF HABEAS CORPUS (FEDERAL) 3:15 - CV-00849 IN MIDDLE District Court

(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)

## VIII.   Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?



THIS IS THE ANSWER CORRECT. "No"

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.



Pro Se 14 (Rev. 09/16) Complaint for Violation of Civil Rights (Prisoner)

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☑ Yes

☐ No

B.   If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit

Plaintiff(s) ~~Prisoner~~ DOMINIC BLACK

Defendant(s) Pennsylvania Board of Probation and Parole, Lisa Moser, John J. Talaber, Attorney General

2.   Court *(if federal court, name the district; if state court, name the county and State)*

MIDDLE DISTRICT OF PENNSYLVANIA

3.   Docket or index number

3:18 cv 1291

4.   Name of Judge assigned to your case

MAGISTRATE JUDGE MARTIN C. CARLSON

5.   Approximate date of filing lawsuit

6.   Is the case still pending?

☐ Yes

☑ No

If no, give the approximate date of disposition. ~~January~~ July 3 , 2018

7.   What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

DISMISSED, No APPEAL

C.   Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

Pro Se 14 (Rev. 09/16) Complaint for Violation of Civil Rights (Prisoner)

☒ Yes CORRECT ANSWER

☒ No ~~CORRECT ANSWER~~ NOT THE ANSWER

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

    1. Parties to the previous lawsuit

       Plaintiff(s) DOMINIC BLACK

       Defendant(s) PENNSYLVANIA Board of Probation and Parole

    2. Court *(if federal court, name the district; if state court, name the county and State)*

       MIDDLE DISTRICT OF PENNSYLVANIA

    3. Docket or index number

       3:15-CV-00147

    4. Name of Judge assigned to your case

       CANOBOY

    5. Approximate date of filing lawsuit

    6. Is the case still pending?

       ☐ Yes

       ☒ No

       If no, give the approximate date of disposition JUNE 11, 2018

    7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

       DISMISSED - APPEALED AND DENIED - NO JUDGEMENT ENTERED IN MY FAVOR

Pro Se 14 (Rev. 09/16) Complaint for Violation of Civil Rights (Prisoner)

## IX.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:     JUNE 3, 2020

Signature of Plaintiff         Dominic Black

Printed Name of Plaintiff      DOMINIC BLACK   - PRO SE - PETITIONER

Prison Identification #        DM3413

Prison Address                 301 INSTITUTION DRIVE

                               BELLEFONTE                PA        16823
                                    *City*              *State*    *Zip Code*

### B.   For Attorneys

Date of signing:     _____

Signature of Attorney          UNABLE TO OBTAIN AN ATTORNEY

Printed Name of Attorney       _____

Bar Number                     _____

Name of Law Firm               _____

Address                        _____

                               _____
                                    *City*              *State*    *Zip Code*

Telephone Number               _____

E-mail Address                 _____

**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF PENNSYLVANIA**

_____          :

_Petitioner/Plaintiff_             :          Civil Action No.: _____

     v.                    :

_____          :

_Defendant(s)_                     :

## REQUEST FOR APPOINTMENT OF ATTORNEY

     I, _____, Petitioner/Plaintiff, request appointment of counsel as provided by 42 U.S.C. §2000e-5(f)(1).

     1.)     I have made a diligent effort to employ an attorney [check appropriate box(es)]:

     ☐     **CONTACTED PRIVATE ATTORNEY(S)**
              _(List all attorney(s) contacted and state why each is not representing you.)_

            _____

            _____

            _____

            _____

            _____

     ☐     **CONTACTED A LEGAL AID ORGANIZATION**
              _(State when this organization was contacted and why it did not assist you.)_

            _____

            _____

            _____

            _____

(Rev. 5/17)

☐     **CONTACTED BAR ASSOCIATION LAWYER REFERRAL SERVICE,** if available. (*State what assistance was provided.*)

_____

_____

_____

_____

2.)     If unable to pay attorney's fees or costs - I am financially unable to hire counsel (Complete and file Form 3 - <u>In Forma Pauperis</u> Petition)

3.)     I believe I have a claim against the following employer (Give name and address):

_____

_____

_____

_____

4.)     The reason(s) for my claim are (Give brief employment history with dates and specific reasons for lawsuit):

_____

_____

_____

_____

_____

_____

_____

I certify under the penalty of perjury that the foregoing statements are true and correct.

_____
Signature

_____
Date

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DOMENIC BLACK
      PRO-SE, PETITIONER

      V:

PENNSYLVANIA BOARD OF PROBATION AND PARDE

PENNSYLVANIA DEPARTMENT OF CORRECTIONS FOR

THE STATE CORRECTIONAL INSTITUTIONS

           DEFENDANTS

## I. JURISDICTION AND VENUE

1) THIS IS A CIVILSUIT ACTION AUTHORIZED BY 42 U.S.C. SEC. 1983 TO REDRESS THE DEPRIVATION, UNDER COLOR OF STATE LAW OF THE RIGHTS SECURED BY THE CONSTITUTION OF THE UNITED STATES, BIVENS CAUS OF ACTION. THE COURT HAS JURISDICTION UNDER 28 U.S.C. SEC. 1331 AND 1334 (A)(3). PLAINTIFF, DOMENIC BLACK, SEEKS DECLARATORY RELIEF PURSUANT TO 28 U.S.C. SEC. 2201 AND 2202 RULE 65(C) OF FEDERAL RULE PURSUANT TO 28 U.S.C. SEC. 2074 (A)(C), 2503 (B) GENERAL 2521(C) U.S.C. SEC. 2071-2075 R.C.F., 83(B), 28 U.S.C. SEC. 332. PLAINTIFF BLACK'S CLAIM FOR INJUNCTIVE RELIEF ARE AUTHORIZED BY 28 U.S.C. SEC. 2283 AND 2284.

2) THE UNITED STATES DISTRICT COURT OF PENNSYLVANIA IS A APPROPRIATE VENUE UNDER 28 U.S.C. SEC. 1391 (B)(2) BECAUSE IT IS WHERE THE EVENTS GIVING RISE TO THIS CLAIM OCCURRED.

## II. PLAINTIFF

3) PLAINTIFF, DOMENIC BLACK, PRO-SE, PETITIONER, IS AND WAS AT ALL TIMES MENTIONED HEREIN A PAROLEE OF THE PENNSYLVANIA BOARD OF PROBATION AND PARDE, IN THE CUSTODY OF THE DEPARTMENT OF CORRECTIONS OF PENNSYLVANIA AS A CONVICTED PAROLE VIOLATOR. HE'S CURRENTLY CONFINED IN THE PENNSYLVANIA STATE CORRECTIONAL INSTITUTION AT BENNER TOWNSHIP, 301 INSTITUTION DRIVE, BELLEFONTE, PA. 16823.

## III. DEFENDANTS

4) Defendants - John Wetzel of the Pennsylvania Department of Corrections for the Pennsylvania State Correctional Institution is legally responsible for operations of Pennsylvania State Correction Institution for the intake of prisoner's and overseeing inmates that have violated parole and the parole board place them inside the State Correctional Institution for the parole board violation and custody.

John J. Talarer, Esq., Kara W. Haggerty, Lisa Moser are the Defendants for the Pennsylvania Board of Probation and Parole. Board members are the members who makes the decisions and determine the decisions (In parole violator's) sanction on his/her greensheet.

5) These Parole Board members and the Department of Corrections of Pennsylvania are being sued solely in their official capacities. Under Rule Civ. Proc. 65(d), as these parties leave office, their predecessors automatically take their place in this litigation. See Pa. C.S. sec. 101 Administrative Law Procedure General Provisions, Chapt. one, definitions for the term "Adjudication" on page 232. The Parole Board is vested with authority to make decisions regarding the Grantings of Parole and revoking of paroles and setting conditions from prison.

6) Prisons and Parole Code 61 Pa. C.S. sec. 101-6309, The Prison Litigation Reform Act, 42 U.S.C. sec. 1997(e)(a), stipulates that no actions shall be brought with respect to Prison Conditions under sec. 1983 until available administrative remedies are exhausted under the Pennsylvania Code, the term "Adjudication" does not include Parole Sanctions, the right to an administrative appeal. No exhaustion of administrative remedies can be required where the relevant administrative procedure lacks authority to provide relief or take any action whatso ever in response to a complaint, accordingly, the Prison Litigation Reform Act's exhaustion requirement does not apply, because Pennsylvania inmates have no remedies or administrative remedies to exhaust. Also see 2 Pa. C.S. sec. 101

La Camera v. Comm. Bd. of Prob. and Parole, 137 A.2d 925, 926-27 (Pa. Commwth 1974)

Booth v. Churner, 532 U.S. 731, 736 (2001) [hereafter]

Wales v. Whitney, 114 U.S. 731, 736 (2001) Produce Body At Hearing

Guerra v. Meese, 786 F.2d 414, 416 (D.C. Cir. 1986) To Produce Body of Petitioner

Application of Constitutional Statutes

7) Under the fairness act, this court's jurisdiction is no longer limited to questions suitable for consideration under 42 U.S.C. sec. 1983. Constitutional torts and causes of Actions implied under Constitution. Jurisdiction has been engaged, this court becomes vested with authority to entertain all claims predicated upon state law as well as claims arising under sec. 1983. Plaintiff claims for injunctive relief are authorized by 28 U.S.C. sec. 2283-2284.

## Civil Suit Request

8) In accordance with local rule 65(c), Plaintiff, acting through Pro-Se, Petitioner, Respectfully ask this court to permit this action to proceed as a Civil Action pursuant to 42 U.S.C. sec. 1983, Bivens, Constitutional torts and causes of actions implied by the Constitution, 28 U.S.C. sec. 2201-2202, 28 U.S.C. sec. 2071(a)(c), 25031(c) General 252(a), U.S.C. 2071-2075 R.C.F 83(b), 28 U.S.C. sec. 332. Petitioner is requesting for a jury trial. Constitutional Damage Claims - Bivens Caus for Illegal Incarceration. Plaintiff seeks recovery of their cost in this suit.

## III. Facts

9) 28 U.S.C. sec. 636(b)(1)(B) Procedure 72(b)

2013 U.S. Dist. Lexis 139634'; United States v. Wonyiel
Petitioner Argues that the Parole Board [Breach] their Plea Agreement,
(1) Raise the issue of Government Alleged [Breach] of Plea Agreement;
(2) Object to the two point increase in the offense level for obstruction of Justice. (3) Consult with Petitioner regarding an possible appeal.

See Pet'rs Mot. EFC. No. 317 sentencing Guidelines
5 K1.1 Title 18 United State Code sec. 3553(c) Plea Agreement 5(b)

10) When the parole board added time onto Petitioner's original maximum date violated the Plea Agreement of 10-20 year prison sentence of a judicially imposed sentence. The Petitioner Agreed with the Parole Board to serve a 10-20 year sentence of being paroled after Petitioner serve a percentage of His time.

(See Exhibit A-B - Conditions Governing Parole/Reparole, Order to Release on Parole/Reparole)

③

OF HIS TIME AFTERWARD OF TO BE RELEASED ON PAROLE MAY 5, 2008

11) PETITIONER'S ~~PAROLE~~ PAROLE VIOLATION OF HIS NEW CONVICTION INWHICH WAS

A COUNTY SENTENCE FROM THE COURT OF COMMON PLEAS, DAUPHIN COUNTY, BY

THE HONORABLE JUDGE ANDREW DOWLING, ON THE 13th DAY OF JUNE, 2013.

12) THIS ~~IMPOSE~~ IS A MITIGATE SENTENCE (MEANING SENTENCE BELOW THE

GUIDELINES) WITH IMMEDIATE PAROLE. TIME CREDITED FOR JANUARY 14, 2013

TO JUNE 13, 2013. CT. 2 REAP (M2) SIMPLE ASSAULT (M2) NO FINES| NO COST, (5)

FIVE MONTHS TIME SERVED, DAUPHIN COUNTY PRISON. (SEE DOCKET SHEET COURT OF COMMON PLEAS)

13) PETITIONER'S NEW IMPOSED SENTENCE BY THE COURT OF COMMON PLEAS "DOES

NOT" PRECEDE PETITIONER'S ORIGINAL MAX DATE OF JUNE 17, 2017.

THIS BECAME A VIOLATION OF PAROLE AND THE PAROLE BOARD CALCULATED HIS ORIGINAL

SENTENCE OF JUNE 17, 2017 AND EXTENDED IT TO FEBRUARY 2, 2022, WITHOUT

A REVOCATION HEARING. THERE WAS A PAROLE DETENTION HEARING HELD ON July 5, 2013.

### CONVICTION FOR A NEW CRIMINAL OFFENSE

5) IF A NEW SENTENCE IS IMPOSED ON THE PAROLEE, THE SERVICE OF THE TERM

ORIGINALLY IMPOSED BY THE PENNSYLVANIA COURT SHALL PRECEDE THE COMMENCEMENT OF

THE NEW TERM IMPOSED IN THE FOLLOWING CASES:

I. IF A PERSON IS PAROLED FROM A STATE CORRECTIONAL INSTITUTION. AND A NEW

SENTENCE IMPOSED ON THE PERSON IS TO BE SERVED IN A STATE INSTITUTION.

II. IF A PERSON IS PAROLED FROM A COUNTY PRISON AND THE NEW SENTENCE IMPOSED

UPON HIM IS TO BE SERVED IN THE SAME COUNTY PRISON.

III. IN ALL OTHER CASES, THE SERVICE OF THE NEW TERM FOR THE LATTER CRIME SHALL

PRECEDE COMMENCEMENT OF THE BALANCE OF THE TERM ORIGINALLY IMPOSED.

### HEARING EXAMINER - A BOARD MEMBER OR A REPRESENTATIVE

OF THE BOARD WHO CONDUCTS INTERVIEWS OR HEARINGS ON THE BEHALF OF

THE BOARD.

### PAROLE PANEL - TWO MEMBERS OF THE BOARD, OR A BOARD MEMBER

AND A HEARING EXAMINER.

(2) Prior to the revocation hearing, the parolee will be notified of the following: (I) The right to a revocation hearing, the right to notice of the exact date and ~~the~~ the right at the revocation hearing to be heard by a panel. (II) The right to retain counsel, the right to free counsel if unable to afford one to retain counsel and the name and address to public offender. (III) There is no penalty for questioning counsel. (IV) The right to speak to have voluntary witnesses appear to respond / represent documentary evidence. (V) The purpose of a hearing is to determine whether to revoke parole and that if revocation is so ordered, the parolee will recieve no credit for time spent at liberty on parole. (See attached order to recommit exhibit d)

Petitioner Black, "waived his revocation hearing" at his parole violation hearing on July 5, 2013.

[See Dereck Smith v. Pennsylvania Board of Probation and Parole, 643, 53, 171 A.3d 759, 2017 Pa. Lexis 2468 pg. 4 and 10 - parag. 2] Also is in conflict with the United States Constitution of the Ex Post Facto Claus of Art. I sec. 9 C 13.

Revocation Decision - A decision to recommit a parolee to a prison after a revocation "or" violation hearing. Revocation Hearing - A hearing held to determine whether a parolee should be sent to prison after a revocation or violation hearing.

Violation Hearing - A hearing held to determine whether a parolee should be recommitted as a technical violator. Preliminary Hearing - A hearing held to determine whether there is probable cause to believe that a parolee has committed a technical violation of parole. Back Time - The unanswered part of a prison sentence which a parolee would have been compelled to serve if the parolee had not been paroled.

The Board Hearings are all made up of panels = revocation

[See Section ~~~~ 2254(d) is limited to claims adjudicated on the merits in a state court proceeding, the ~~~~ provision does not apply to Habeas Corpus petitions filed by state prisoners to challenge prison officials' or other administrators' decision.

SEE- WHITE v. INDIANA PAROLE BOARD, 266 F.3d 759, 764-66 (7th CIR, 2001)
("PRISON DISCIPLINARY PANELS ARE NOT "COURTS" FOR PURPOSES OF SECTION 2254 (d)
AND STATUTORY PROVISIONS ("ACCORDINGLY DOES EFFECT COLLATERAL REVIEW OF DECISIONS
REVOKING GOOD-TIME CREDITS UNLESS THE STATES PROVIDE FOR A JUDICIAL REVIEW
OF THESE DECISIONS - REVIEW THAT UNDER SEC. 2254 (e), . . . . A PRISONER MUST PURSUE)
THE PENNSYLVANIA PAROLE BOARD IS THE DISCIPLINARY PANEL FOR THE DEPARTMENT
OF CORRECTIONS. THE DEPARTMENT OF CORRECTIONS IS HOLDING PETITIONER FOR THE
PAROLE BOARD FOR PAROLE VIOLATION, IN DOC - STATE CORRECTIONAL INSTITUTION.

14) 61 Pa.C.S. SEC. 6138 (a)(a) IS THE PROVISION THE PAROLE BOARD IS USING TO EXTEND A
PAROLE VIOLATOR'S MAXIMUM SENTENCE STATE IN PERTINENT PART.

15) THE CONTRACT STATES THE PETITIONER WAS TO BE RELEASED ON PAROLE, IF HE VIOLATES
THE PAROLE RULES AND REGULATIONS, HE WOULD SERVE THE REMAINING BALANCE OF
HIS SENTENCE, NOT AN ADDITIONAL 5 YEARS ADDED ONTO HIS ORIGINAL MAX DATE.

16) IN THIS SITUATION PETITIONER WAS CONVICTED OF A NEW CRIME, THE NEW SENTENCE
WAS A MITIGATED SENTENCE (SENTENCE BELOW GUIDELINES) AND THE PETITIONER
WAS TO SERVE THE REMAINING BALANCE OF HIS SENTENCE FROM JUNE 13, 2013
TO JUNE 17, 2017, IN A STATE CORRECTIONAL FACILITY.

17) THE MITIGATED SENTENCE DID NOT EXCEED (GO PASS) THE ORIGINAL MAX DATE.
THE PAROLE BOARD ADDED 5 YEARS TO PETITIONER'S ORIGINAL SENTENCE WHICH
VIOLATES THE PAROLE BOARD'S CONTRACT/ AGREEMENT AND THE Ex POST FACTO CLAUS,
DUE PROCESS. (SEE ATTACHED PAGES). . . CONDITIONS GOVERNING PAROLE AND REPAROLE,
ORDER TO RELEASE ON PAROLE, ORDER TO RECOMMIT COMMONWEALTH OF PENNSYLVANIA
BOARD OF PROBATION AND PAROLE.

(C) LIMITATIONS ON SENTENCE OF TOTAL CONFINEMENT - THE COURT SHALL NOT IMPOSE A SENTENCE
OF TOTAL CONFINEMENT UPON (REVOCATION) UNLESS IT FINDS THAT: (1) THE DEFENDANT HAS BEEN
CONVICTED OF ANOTHER CRIME. (2) THE CONDUCT OF THE DEFENDANT INDICATES THAT IT IS LIKELY
THAT WILL COMMIT ANOTHER CRIME, IF HE IS NOT IMPRISONED, OR (3) SUCH A SENTENCE
IS ESSENTIAL TO VINDICATE THE AUTHORITY OF THE COURT. 1) HEARING REQUIRED - THERE SHALL
BE NO REVOCATION OR INCREASE OF CONDITION OF SENTENCE UNDER THIS SECTION EXCEPT AFTER
A HEARING AT WHICH THE "COURT" SHALL CONSIDER THE RECORD OF THE SENTENCING PROCEEDING

2.

MAY BE ELIMINATED **OR** ~~ENTIRELY~~ THE TERM DECREASED WITHOUT A HEARING.

(B)     AS A MATTER OF STATUTORY LAW AND CONSTITUTIONAL DUE PROCESS.

PETITIONER CONTENDS THAT THE PAROLE VIOLATION OF JUNE 13, 2013 WHICH THE PAROLE BOARD

CALCULATED HIS ORIGINAL MAX DATE OF JUNE 17, 2017 TO FEBRUARY 2, 2022 EXCEEDS THE

ENTIRE REMAINING BALANCE OF JUNE 17, 2017 THE ORIGINAL MAXIMUM SENTENCE IMPOSED

BY THE "COURT", "THE PAROLE BOARD IS NOT A COURT OF JUDICIARY."

(1) THE PAROLE BOARD CALCULATION OF PAROLE VIOLATOR'S MAXIMUM SENTENCE PURSUANT TO 61 Pa.C.S. SEC.

6138(a)(2) IS IN CONFLICT WITH 61 Pa.C.S. SEC. 6138(a)(1) WHICH ONLY AUTHORIZES SERVICE OF THE

BALANCE OF THE TERM ORIGINALLY IMPOSED BY THE COURT OF COMMON PLEAS.

2) THE "EXTENDED TERM" CREATED AND IMPOSED BY THE PAROLE BOARD BY WAY OF CALCULATION

PURSUANT TO 61 Pa.C.S. SEC. 6138(a)(2) IS NOT WRITTEN INTO 61 Pa.C.S. SEC. 6138(a)(1)

AND THUS CANNOT BE ADDED INTO SERVICE OF THE MAXIMUM SENTENCE. (SEE ATTACHED GOVERNOR'S OFFICE OF
                                                                  GENERAL COUNSEL)

## SEPERATION OF POWERS OF DOCTRINE VIOLATED

2) PENNSYLVANIA LEGAL DEFINITION OF PAROLE IS: "A PENEOLOGICAL MEASURE FOR DISCIPLINARY

TREATMENT OF PRISONERS WHO SEEM CAPABLE OF REHABILITATION OUTSIDE OF THE PRISON WALLS."

[SEE COMMONWEALTH EX REL HENDERSON v. STATE BOARD OF PAROLE, 185 A.2d 581 [1962]

[SECTION 1.1.2. SEPERATION OF POWERS]

2) THERE ARE TWO TYPES OF "TIME" A PAROLED PERSON CAN SERVE WHILE ON PAROLE.

   1) DELINQUENT TIME - (PURSUANT TO 61 Pa.C.S. SEC. 6138 (a)(1)', AND

   2) TIME IN GOODSTANDING - (PURSUANT TO 61 Pa.C.S. SEC. 6138 (c)(2))

   61 Pa.C.S. SEC. 6138 (a)(1) DEFINES THE EXTENT OF THE PAROLE BOARD DISCRETION IN MATTERS

   INVOLVING CONVICTED PAROLE VIOLATOR'S, AND

   1) 61 Pa.C.S. SEC. 6138(a)(2) - GIVES THE BOARD DISCRETION TO RECOMMIT A PAROLE VIOLATOR, AND

   2) 61 Pa.C.S. SEC. 6138(a)(2) - GIVES THE PAROLE DISCRETION TO REPAROLE A PAROLE

      VIOLATOR

   [SECTION 1.1.3 LIMITS ON EXECUTIVE POWER]

   ABUSE OF DISCRETION (SEE BOARD OF SCHOOL DIRECTORS OF AVON SCHOOL

   v. DEPT. OF EDUC. 375 A.2d 851 (Pa COMMW. 1997)

41 P.C.S. Sec. 6138 fails to provide the Pennsylvania Board of Probation and Parole with the necessary statutory authorization to calculate delinquent time or time in goodstanding, or to add such calculation to a paroled person's maximum term which was originally imposed by the court.

Owings v. Speed (1820), 18 U.S.C. 420, 5 Wheat 420 5 Led 124 Provisions in Constitution that no state shall make any law impairing obligation of contracts, does not extend to state law enacted before Constitution commenced it's operation.

23) That responsibility belongs exclusively to the Legislature! It is the Parole Board and not the Legislature that has extended the maximum (expiration date) of his original sentence. (See original green sheet, commonwealth of Pennsylvania Governor's office of General office, letter, order to recommit Commonwealth of Pennsylvania Board of Probation and Parole) ... It is clear that the parole board has as contended by Petitioner, unlawfully extended the term of his maximum sentence, but also has merely withdrawn from the Petitioner's credit for the time spent at liberty on parole, and added it to Petitioner's original sentence. [see Ohornicke v. Pennsylvania Board of Probation and Parole, 418 Pa. 316, 318~319 211 A.2d 433 (1965] (Fumea v. Pa. Bd. of Prob. and Parole, 147 A.3d 610 2016)

24) Pennsylvania Board of Prob., and Parole erred when it denied a parolee's Administrative Appeal and affirmed a decision which recommited him to serve 12 months back time as a convicted parole violator. As it failed to comply with Prisons and Parole Code 61 Pa. C.S. sec. 101-6309, because parolee's revocation hearing was not timely held. Lexis 393 (Pa. Commw. Ct. 2016)[See attached exhibit order to recommit]

25) 61 Pa. C.S. sec. 6138 (a)(2) is the Provision the Parole Board is using to extend a parole violator's maximum sentence, 61 Pa. C.S. sec. 6138 (a)(2) states in pertinent part: 24) "If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would've been compelled time at liberty on parole, meaning from June 13, 2013 to June 17, 2017, the new sentence was a mitigated sentence (sentence under guidelines), and did not exceed the original max date of June 17, 2017.

[Section 2.1 Administrative Discretion in a Prison Context]

However, it has already been established that,

"....The Phrase at liberty on parole is not defined in the Act...."

[see Weigle v. Pennsylvania Board of Parole, 886 A.2d 1183 [2005]

Due to the ambiguity of "Liberty on Parole", 61 Pa.C.S. sel. 6138 (a)(2). Lies repealed by neccesary implications and clearly cannot pass constitutional muster. The credit withdrawn being enforced as an extension of a term originally imposed by the court as specifically irresponsible exercise of penedlogical authority, by the Parole Board.

61 Pa.C.S. sel. 6138(a)(5), holds... If the new sentence is imposed on the parolee, the service of the balance of the term originally by Pennsylvania Courts shall precede the commencement of the new term.

The Petitioner's new term does not proceed over original max date.

Clearly the above statute directs the parolee to serve only the original sentence imposed by a Pennsylvania Court and then serve the new sentence imposed. By the court. Time was served when Petitioner recieved (5) five months time served. (see docket sheets [see-Court of Common Pleas of Dauphin County] (docket sheet)

The state makes no inferrance that the credit withdrawn is to be added/ included as the part of the balance originally imposed by the Pennsylvania Court. (See Docket Sheet CP-22-CR0000686-2013). The Parole Board is not a judicially imposed body and any sentencing changes the Parole Board makes pursuant to 61 Pa.C.S. sel. 6138(a)(2). Must be conferred to the Judiciary under sentencing code 42 Pa.C.S. sel. 972 (a). 61 Pa.C.S. sel. 6138(a)(5) provides safeguards that protects a parolee from having serve the calculation of his or her maximum sentence because of the boards decision. The new max date is without question baseless, arbitrary, an erroneous, deprivation of liberty, serves no legitimate penedlogical obejctive and must be deleted from the attached and all subsequent Parole Boards decisions (I.E. Green sheet. Kelly v. Serna, 87 F.3d 1235 (11th Cir. 1996) (Bivens action for malicious prosolution and various other constitutional violation),

Clemente v. Allen, 120 F.3d 703 (7th Cir. 1997) (per curiam) (Bivens action alleging sentence had been miscalculated by Bureau of Prisons),

32) Where the petitioner's letter was a request under SEC. 35, 241 and not a subsequent appeal. The Board of Probation and Parole's regulation did not apply, this evidence by Board's statement in 37, Pa. Code SEC. 73.1 supercedes one specified section of the General Rules of Administration Practice and Procedure, but does not mention 1 Pa. Code SEC. 33.241, which governs consideration.

33) Shaw v. Board of Probation and Parole, 812 A.2d 769 (Pa. Commw. 2002)

If a party to an agency proceeding did not appeal the Agency decision or petition for rehearing under this section, the Agency would not be permitted to amend it's decision at a later time on the basis of a Ex Parte Letter recieved from that party.

The Parole Board treated Black's petition as an Ex Parte Letter.

(See Attached Letter—Commonwealth of Pennsylvania Governor's office of General counsel.)

Liquor Control Bd. v. Clark, 349 A.2d 809 (Pa. Commw. 1976)

34 Pa. Code SEC. 131.111 - (relating to decision of Judges)

52 Pa. Code SEC. 5.527 - (relating to Petitions for relief following decision)

34 Pa. Code SEC. 95.98 - (relating to Petitions for the Board)

52 Pa. Code SEC. 1005.222 - (relating to Petitions for relief)

55 Pa. Code SEC. 141.41 - (relating to policy)

34) SECTION 67.4 PAROLE AGREEMENT - (SEE ATTACHED EXHIBITS A, B, C)

The parole agreement shall contain the parole number, date and the prison year term and signature. If the signature is by mark, there shall be two witnesses to the execution of the parole agreement. ( See conditions governing parole / reparole, order to release on parole / reparole, special conditions (all are parole agreements)

35) Request for reconsideration / Administrative review deemed denied where agency fails to respond in thirty (30) days.

Twinning Village v. Department of Public Welfare, 564 A.2d 1335 (Pa. Commw. 1989), appealed 570 A.2d 931 (Pa. 1990)

36) The Parole Board failed respond to Administrative review within 30 days, when petitioner submitted it to the Parole Board. (See Attached Governor's office of general counsel)

37) On September 4, 2013, Black filed a petition for administrative review challenging the calculation of his maximum sentence. It was denied on May 13, 2014, by delay of response by the Parole Board.

38) Failure by the secretary to act on a request for reconsideration of a decision terminating eligibility for AFDC within 45 days, nullified the order entered after that time had passed, and, therefor, order could not be appealed.

39) Strobahar v. Department of Public Welfare, 557 A.2d 440 (Pa. Commw. 1989) The Parole Board did not answer/respond to Black's Administrative Review until May 13, 2014, eight (8) months later. Black argues that this failure to exhaust his availability to exhaust administrative remedies is because the Parole Board failed to respond to the Administrative Review Petition in a reasonable time period. (See attached - Governor's Office of General Counsel)

40) Black could not appeal his administrative review for reason Parole Board failed to respond to his Administrative Review in a timely manner. The Commonwealth Court denied the Appeal Petition because of it on Feb. 7, 2014.

41) Black submitted a Federal Writ of Habeas Corpus Petition with the Pennsylvania Middle District Court, 3:15-cv-00949. (See attached Pennsylvania Middle District Version 6.1 - Display Receipt)

42) Jurisdiction to Federal Court, Generally 28 U.S.C.S. sec. 1251 et. seq. Removal of action from state court to Federal Courts, generally 28 U.S.C.S. sec. 1441 et. seq. 147 L.Ed.2d 1137 sec. 1367 28 U.S.C.S. sec. 1332.

43)    A statute that mandates the denial of credit to recommitted direlts parole violator for time spent a liberty on parole "Does" violate the separation of powers doctrine for the following reasons:

1) The phrase at "Liberty on Parole" remains undefined by the legislature, therefor such a phrase cannot be used against the rights of parole.

2) A denial of revocation of credit is transposed by the ~~sentence~~ Parole Board into a term of days/months, and/or years, resulting in an altered maximum sentence that was originally imposed by the Pennsylvania Court, and

3) The "practice" parole board sentence extensions by way of calculated pursuant to 61 Pa. C.S. sec. 6138(a)(2) are not codified under 18 Pa. C.S. sec. 1102-1105 of the "Crime Code" as punishment for crimes, nor under 42 Pa. C.S. sec. 9721(a) of the "Sentence Code" as a sentencing alternative 204 Pa. Adm. Code 303.1.

42 U.S.C. sec. 1983 - 18 U.S.C. sec. 3553 Art. 1 sec. 9 C 13 of Ex Post Facto Claus.

Ex Post Facto Claus. The Supreme Court has interpreted this claus prohibiting Congress from passing a law that: (1) MAKES AN ACT A CRIME THAT WAS LEGAL WHEN IT WAS COMMITTED, (2) MAKES A CRIME GREATER THAN IT WAS WHEN IT WAS COMMITTED. (3) INCREASES PUNISHMENT FOR A CRIME "AFTER" IT HAS BEEN COMMITED.

Black's PUNISHMENT WAS INCREASED FOR A CRIME AFTER IT HAS BEEN COMMITED. His original max date of June 17, 2017 to February 2, 2022, by the Parole Board. AMENDMENT 474 SEC. 1B1.11(b) is amended by inserting the following additional subdivision; "(3) IF THE DEFENDANT is convicted of two offenses, THE FIRST COMMITTED BEFORE, AND THE SECOND AFTER, A REVISED EDITION OF THE GUIDELINES MANUAL BECAME EFFECTIVE, THE REVISED EDITION OF GUIDELINES MANUAL IS TO BE APPLIED TO BOTH OFFENSES."

The COMMENTARY TO SEC. 1B1.11 CAPTIONED "Application Note" is amended by inserting the following additional note:

"2 UNDER SUBSECTION (b)(1), THE LAST DATE OF THE OFFENSE OF CONVICTION IS CONTROLLING DATE FOR Ex Post Facto purposes. For example, If the offense of conviction ( i.e. THE CONDUCT CHARGE IN THE ACCOUNT OF THE INDICTMENT OR INFORMATION OF WHICH THE DEFENDANT WAS CONVICTED AND WAS DETERMINED BY THE COURT TO HAVE BEEN COMMITTED BETWEEN October 15, 1991 AND October 28, 1991, THE DATE OF October 28, 1991 IS THE CONTROLLING DATE FOR THE Ex Post Facto purposes.

PETITIONER'S CONTROLLING DATE IS February 2, 2022 AND NOT HIS ORIGINAL MAX DATE OF June 17, 2017. IN WHICH THE CONTROLLING DATE SHOULD BE June 17, 2017. (SEE ATTACHED - GREEN SHEET, CONDITIONS GOVERNING PAROLE/ REPAROLE, ORDER TO RELEASE ON PAROLE, GOVERNOR'S OFFICE OF GENERAL COUNSEL, ORDER TO RECOMMIT)

THIS IS TRUE EVEN IF DEFENDANT'S CONDUCT IS RELEVANT TO THE DETERMINATION

OF THE GUIDELINES RANGE UNDER Ex Post Facto Claus.

[SEE PEUGH v. UNITED STATES, 133 S. CT. 2072, 2078 (2013)

MARSHALL v. GARRISON (1981 CA 4 VA) 659 F. 2d 444

42 PA. C.S. SEC. 9760 REQUIRES A COURT TO GIVE CREDIT TO SENTENCES FOR NEW

CHARGES. PETITIONER'S CREDIT FOR TIME SERVED, 5 MONTHS. (SEE COMMON PLEAS COURT DOCKET SHEET)

18 U.S.C. SEC. 3585(b) PROVIDES (b) CREDIT FOR PRIOR CUSTODY — A DEFENDANT SHALL

BE GIVEN CREDIT TOWARD THE SERVICE OF THE TERM OF IMPRISONMENT FOR ANY

TIME HE HAS SPENT IN OFFICIAL DETENTION PRIOR TO THE DATE THE SENTENCE

COMMENCES.

DAWSON v. SCOTT, 50, F. 3d 884, 886 N. 2 (11th CIR. 1995)

PETITIONER'S COMPLETION OF PRISON SENTENCE DID NOT RENDER PETITION AS

MOOT BECAUSE DAWSON IS STILL SERVING HIS TERM OF SUPERVISED RELEASE,

WHICH IS PART OF HIS SENTENCE AND INVOLVES SOME RESTRICTIONS UPON LIBERTY.

COMMONWEALTH COURT OF PENNSYLVANIA DETERMINED THAT IT POSSES STATUTORY

JURISDICTION VIA THE JUDICIAL CODE 42 PA. C.S. SEC. 763 BECAUSE PETITIONER

CHALLENGED THE RECALCULATION OF HIS MAXIMUM SENTENCE DATE, CONTENDING

THAT HE WAS IMPROPERLY DENIED CREDIT AS A CONVICTED PAROLE VIOLATOR

UNDER THE PAROLE CODE 61 PA. C.S. SEC. 6138 (A) (2). (SEE ATTACHED GOVERNOR'S OFFICE OF GENERAL COUNSEL)

PITTMAN v. PA. Bd. OF PROB. AND PAROLE, 137 A. 3d 572 2016, PA. LEXIS 1047

(PA. MAY 23, 2016 VAC. BY REMANDED BY PITTMAN v. PA. Bd. OF PROB. AND PAROLE,

2017, PA. LEXIS 940 (PA. APR. 26, 2017)

EDWARDS v. PA. Bd. OF PROB. AND PAROLE, (2007 C A3 PA) 246 FED. APPX. 339

WHEN THE PAROLE BOARD ADDED TIME ONTO PETITIONER'S ORIGINAL MAX DATE

VIOLATED THE PLEA AGREEMENT / CONTRACT FOR 10-20 YEAR PRISON TERM.

FUMEA v. PA. Bd. OF PROB. AND PAROLE, 147 A. 3d 610, 2016, PA. COMMW. LEXIS

393 (PA. COMMW. CT. 2016)

COMMONWEALTH COURTS OF PENNSYLVANIA 2002

812 A. 2d 769; SHAW v. PA. Bd. OF PROB. AND PAROLE; OCTOBER 25, 2002

(SECTION 704 OF THE ADMINISTRATIVE AGENCY LAW, 2 PA. CONS. STAT. SEC. 704)

Denial of Due Process.

47) "Adequate or Due Process depends upon the nature of interest affected."
Morrissev v. Brewer, 408 U.S. 471 (1972) "The more important the interest
and greater the effect of the impairment, the greater the procedural
safeguards the must provide to satisfy due process, Id. at 481, 92 S.Ct. at 2600.

48)     The court in Mathews v. Eldridge 424 U.S. 319 (1976) called for
a balancing act to determine what process is Due.
"It is necessary to ~~weigh~~ weigh the risk of an erroneous deprivation, the state
interest in providing (or not providing) specific procedures, and the
strength of the individual interest" Id. at 335, 96 S.Ct. 903.

49)     A parole violator's revocation hearing is only to determine if the
convicted parole violator's recommitment is with discretion of the Parole Board
as per 61 Pa.C.S. sec. 6138(a)(1), said hearing does not subsume
responsibilities associated with the calculation or extensions of the
judicial term caused by the parole board ~~upon~~ pursuant to 61 Pa.C.S.
sec. 6138(a)(2) (See page (Six) of this Civil Suit - Limitations on Sentence)

50)     The denial of liberty without due process of law occurs
when a prison term's maximum date is extended or a parole violator's
released is by pass without a notice or a hearing in a venue that has
jurisdiction over both parties and subject matter.

51)     A parole hearing examiner is not an arm of the judiciary
and is without authority to determine whether parole board extension
of a parole violator's original custodial period is or is not legally
enforceable, simply "typing" the new max date on the "greensheet"
does not satisfy a parolee's / parole violator's constitutional right
to Due Process of Law. (See pgs. 5-6 of Civil Suit)
     Petitioner, Black request for an evidentiary hearing.

52) SUBSECTION 7.4 RELATIONSHIP BETWEEN 28 U.S.C. SEC. 2254 AND U.S.C. SEC. 1983 ON THE FOURTH AMENDMENT, FOURTEENTH AMENDMENT, EIGHTH AMENDMENT CLAIMS.

PITTMAN v. PA. BD. OF PROB. & PAROLE, 137 A.3d 572 2016 PA. LEXIS 1047 (PA. MAY 23, 2016 VACATED BY REMANDED BY PITTMAN v. PA. BD. OF PROB. AND PAROLE, 2017 PA. LEXIS 940 (PA. APR. 26, 2017)

53) "THE BOARD CAN ONLY REQUIRE THAT A PAROLEE SERVE THE REMAINING BALANCE OF HIS UNEXPIRED TERM (JUNE 13, 2013 TO JUNE 17, 2017) SINCE THE BOARD DOES NOT HAVE THE POWER TO ALTER A JUDICIALLY IMPOSED SENTENCE" McCAULEY v. PENNSYLVANIA DEPT. OF PROBATION AND PAROLE 98 CMWLTH 28, 510 A.2d 877 (1986).

54)                    PAROLE SUITABILITY CRITERIA

THE PAROLE ACT SETS FORTH SIX FACTORS FOR DETERMINING WHETHER AN OFFENDER IS SUITABLE FOR PAROLE. (1) AN OFFENDER'S PRISON CONDUCT, (2) THE RECOMMENDATION OF THE CONFINING INSTITUTION, (3) THE NATURE AND CIRCUMSTANCES OF THE OFFENSE AND RECOMMENDATION MADE BY THE JUDGE AND PROSECUTING ATTORNEY, AND THE PRISONER'S GENERAL CHARACTER AND BACKGROUND, (4) IF THERE IS ANY CRIMINAL HISTORY, . FOR OFFENDERS GRANTED PAROLE THE RESULT ON A DRUG TEST ADMINISTERED PRIOR TO THEIR ANTICIPATED RELEASE, AND (6) SUBMISSION OF A SATISFACTORY PAROLE PLAN.

55)        OF THESE SIX FACTORS, FOUR CAN BE INFLUENCED BY THE OFFENDER. THE INMATE CAN INFLUENCE THEIR INSTITUTIONAL RECORD, THE RECOMMENDATION OF THE CONFINING INSTITUTION, ACHIEVE A NEGATIVE RESULT ON A DRUG TEST AND SUBMIT A PAROLE PLAN. IF WEIGHT IS ATTACHED TO THESE FACTORS, AND AN INMATE HAS INFLUENCED THESE FACTORS IN A POSITIVE WAY, THEY SHOULD BE WORTHY OF PAROLE.

56) BY STATUE, PAROLE IS DISCRETIONARY AND CONSIDERED A PRIVILEGE, OFFERED AS A MATTER OF GRACE. IF PAROLE IS DENIED, THERE IS NO ADMINISTRATIVE APPEAL AND THERE IS NO STATUTORY RIGHT OF APPEAL TO A JUDICIAL COURT.

57) THE PENNSYLVANIA GENERAL ASSEMBLY HAS GRANTED THE PAROLE BOARD BROAD DISCRETION IN PAROLE MATTERS. IT IS A WIDELY ACKNOWLEDGED THAT THE DECISION TO GRANT PAROLE IS A SUBJECTIVE UNDERTAKING, INVOLVING A PREDICTIVE JUDGEMENT OF THE FUTURE BEHAVOIR, FOR REASONS, COURTS HAVE GIVEN THE PAROLE BOARD WIDE LATITUDE AND EXCERCISED DEFERENTIAL RESTRAINT ON OCCASIONS WHEN ASKED TO REVIEW PAROLE ORDERS.

58) WITH EVERY INDETERMINATE SENTENCING SCHEME, THERE IS NECCESARILY A PAROLE STATUTE. PAROLE PROVIDER A BUFFER FOR THE HARSH MAXIMUM SENTENCE AND THE MACHANISM FOR REWARDING AN INMATES BEHAVOIR (GOOD). THIS PENOLOGICAL PHILOSOPHY ASLO CONTEMPLATES AN INDEPENDANT ENTITY (I.E. THE PAROLE BOARD WITH THE POWER TO GRANT A PAROLE EVEN IF THE PRISON WARDEN DISAGREES)

59) PENNSYLVANIA GENERAL ASSEMBLY CREATED A CLASSIC INDETERMINATE SENTENCING AND PAROLE SCHEME, EMBRACING ALL OF THE FUNDAMENTAL TENETS OF ITS UNDERLYING PENOLOGICAL PHILOSOPHY, INCLUDING ITS EMBEDDED BIAS FAVORING REHABILITATION WHILE SIMULTANEOUSLY ACKNOWLEDGING INCORRIGIBILITY.

60) IF PAROLE IS DENIED, THE PAROLE ACT ALLOWS FOR RECONSIDERATION A YEAR LATER AFTER THE DECISION IS ISSUED. IF GRANTED, THE RECONSIDERATION IS EQUIVALENT TO A NEW MINIMUM SENTENCE. BY AFFORDING OPPORTUNITIES FOR RECONSIDERATION AFTER A YEAR, THE PAROLE ACT HAS SET OUT A POWERFUL INCENTIVE FOR CONTINUING TO ENCOURAGE BEHAVOIR MODIFICATION CALCULATED TO AVOID THE DEBILITATING MAXIMUM TERM.

1) SEE 61 PA.C.S. SEC. 331.19

2) SEE JACKSON V. WATTERS, 773 F. Supp. 33 (W.D. PA. 1989)

3) SEE HIBBARD V. PA. BD. OF PROBATION AND PAROLE, 816 A.2d 344, 347 (PA.

4) CMWLTH. 2002)

61)  Issue an Order adjudging and declaring that the Practice of making an inmate's liberty interest under the Parole Act captive to a factor that can never change and which can never be influenced by the inmate, to be due process claus of the Fifth Amendment, As applied by the 14th Amendment of the U.S. Constitution.

Continental Casualty Co. v. County of Chester, 244 F. Supp. 2d 408, 410 (E.D. Pa. 2003)

62)  MISFEASANCE - Improper and unlawful execution of an act that in itself is lawful and proper - wrongly.

NON-FEASANCE - Failure to perform an act is either an official duty or legal requirement.

63)  The claims are as followed: Legal Claims - Constitutional Tort - Claim Liability and Negligence Section of 1983 Violation of Plaintiff's rights.

1) Denial of Parole for unconstitutional reasons and

2) Denial of Access to state courts to challenge the improper parole denial in violation of his constitutional rights.

64)  The Parole Board has failed to correct Petitioner's original max date within the Writ of Habeas Corpus or the Administrative Appeal. Black ~~could not~~ could not appeal his Administrative Review for reason Parole Board failed to respond to his Administrative Review in a timely manner. The Parole Board did not answer/respond to Black's Administrative Review until May 13, 2014 (eight) 8 months later.

65)  Strobahar v. Department of Public Welfare, 557 A.2d 440 (Pa. Commw. 1989) Due Process - Seperation of Powers of Doctrine - Denial of Due Process 42 U.S.C. sec. 1983 - 28 U.S.C. sec. 2254 on Fourth Amendment. Fumea v. Pa. Bd. of Prob. and Parole, 147 A.3d 610, 2016 (Pa. Commw. Ct. 2016) Lexis 893

17

(66) Claims Involving Merger / Double Jeopardy - Implicating the Rule in Apprendi v. New Jersey. "Matter of Right, is non-waivable" Violation of Sixth Amendment - Adding time onto original sentence without authorization.

(67) In New York law there are four elements to False Imprisonment claim (1) the defendants is intended to confine you. (2) You did not consent to the confinement (4) confinement was not otherwise priviledged. Jones v. United States, 91 F.3d 633 (3rd Cir. 1996) False Imprisonment Gittens v. New York, 504 N.Y.S. 2d 969 (C.T. Cl. 1986)
28 U.S.C. section 636 (b)(1) Procedure 72(b)

(68) False Imprisonment - The time the Petitioner is serving after the Parole Board extended his original max date of June 17, 2011 has been by inwhich was extended to February 2, 2022 and he's serving at this time. Violation of Due Process - Pulley v. Harris; 465 U.S. 37, 41, 104 S. Ct. 871, 79 L.Ed. 2d 29 (1984) Protection or Due Process of Law Guaranteed by the Fourteenth Amendment.

(69) Breach of Plea Agreement. 28 U.S.C. sec. 636 (b)(1)(B) Procedure 72(b) 2013 U.S. Dist. Lexis 139684 :: United States v. Wonyfel claim. Petitioner Argue ~~~~~~~~ Parole Board Breach of Plea Agreement. Title 18 United States Code sec. 3553(c) Plea Agreement 5(b) Ex Post Facto Claus Violation

(70) Claim - Article I sec. 10 of the United States Constitution Provides, "No state .... shall pass any .... Ex Post Facto Claus Law." This Claus declares a constitutional Absolute, Congress and states may not enact any law which imposes additional Punishment to that then prescribed.

(71) Parole Eligibility is part of the "Law Annexed to the Crime" for Ex Post Facto Purposes. Repealing Parole eligibility previously available presents a serious question under Ex Post Facto Claus of Art. I sec. 9 Cl.3 of the Constitution, which prohibits imposing "

IMPOSING "GREATER OR MORE SEVERE PUNISHMENT THAN WAS PRESCRIBED BY LAW AT THE TIME OF THE OFFENSE."

71) To VIOLATE THE Ex Post Facto Clause, A NEW RULE OR PRACTICE MUST BE APPLIED RETROACTIVELY AND THERE MUST BE A RISK, READILY APPARENT FROM THE EXAMINING THE FACE OF THE RULE OR PRACTICE IS TO MAKE THE GRANTING OF PAROLE MORE DIFFICULT.

72) The Supreme Court HAS HELD THAT THE PRESENCE OF DISCRETION DOES NOT DISPLACE THE PROTECTIONS OF THE Ex Post Facto Claus. THE DANGER OF DISFAVORING CERTAIN PERSONS AFTER THE FACT IS PRESENT IN A Parole CONTEXT AND THE Ex Post Facto Clause GUARDS AGAINST SUCH ABUSE.

73) ( VIOLATING THE Ex Post Facto Clause QUALIFIES AS A CONSTITUTIONAL VIOLATION IN SATISFACTION OF THE PRISON LITIGATION) WHEN EVIDENCE INDICATES THE PAROLE BOARD HAS VIOLATED THE U.S. CONSTITUTION, THE MATTER MAYBE REVIEWED BY A FEDERAL COURT PURSUANT TO SECTION 1983.

74) THE U.S. SUPREME COURT HAS HELD THAT (PAROLE POLICIES AND PRACTICES) CREATES A SIGNIFICANT RISK OF PROLONGING AN INMATES INCARCERATION. PAROLE POLICIES AND PRACTICES CONSTITUTE STATE ACTION RESEMBLING THE FORCE OF LAW. PER GARNER, FEDERAL COURTS ARE TO EXAMINE WHETHER AS A PRACTICAL MATTER HAS DETERMINED WHETHER AN Ex Post Facto ACT HAS BEEN PERFORMED, COURTS ARE TO DETERMINE THE INHERENT WORDING OF THE RULE AS WELL AS IT'S PRACTICAL IMPACT.

FLETCHER v. REILLY, 433 F.3d 867, 869-870 (D.C. Cir. 2006)

75) The Supreme Court HAS INTERPRETED THIS Claus AS PROHIBITING CONGRESS FROM PASSING A LAW THAT: (1) MAKES AN ACT A CRIME THAT WAS LEGAL WHEN COMMITTED, (2) MAKES A CRIME GREATER THAN IT WAS WHEN IT WAS COMMITTED, (3) INCREASES THE PUNISHMENT FOR A CRIME AFTER IT HAS BEEN COMMITTED, OR (4) DEPRIVES THE ACCUSSED OF A LEGAL DEFENSE THAT WAS AVAILABLE AT THE TIME THE CRIME WAS COMMITTED.

[SEE pgs. 5-8 OF CIVILSUIT] [SECTION 1.1.2 SEPERATION OF POWERS]

DAMAGES - CONSTITUTIONAL DAMAGE CLAIMS, 42 U.S.C. SEC. 1983 - BIVENS

CONSTITUTIONAL TORTS AND CAUSES OF ACTIONS IMPLIED UNDER

THE CONSTITUTION - VIOLATION OF U.S. CONSTITUTION EX POST FACTO

CLAUS - FALSE IMPRISON - THE TIME THE PETITIONER BLACK IS SERVING

AFTER THE PAROLE BOARD EXTENDED HIS ORIGINAL MAX DATE OF JUNE 17, 2017

HAS BEEN BY PASSED WITHOUT A HEARING OR NOTICE TO FEBRUARY 2, 2022

AND HE IS SERVING AT THIS TIME.

[SEE ALSO CRONN V. BUFFENGTON, 150 F.3d 538 (5th CIR. 1998)

( BIVENS ACTION FOR DAMAGES FOR ILLEGAL INCARCERATION COGNIZABLE

UNDER HECK BECAUSE PLAINTIFF SUCCEEDED IN OBTAINING HABEAS

CORPUS BASED ON THE UNCONSTITUTIONALITY OF THE REVOCATION OF

HIS PAROLE. (SEE PENNSYLVANIA MIDDLE DISTRICT VERSION 6.1 - DISPLAY RECEIPT ) ATTACHED

BAD FAITH - OBSTRUCTION OF JUSTICE, FAILURE TO CONSULT WITH PETITIONER

REGARDING A POSSIBLE APPEAL, BREACH OF PLEA AGREEMENT, VIOLATION

OF SENTENCE GUIDELINES, ILLEGAL INCARCERATION/ILLEGAL INCARCERATION

MALICE OR KNOWINGLY INFRINGEMENT OF CONSTITUTIONAL RIGHTS -

VIOLATION OF U.S. CONSTITUTION ARTICLE 1 SEC. 9 C 1.3, EX POST FACTO

CLAUS AND ARTICLE 1 SEC. 10 OF U.S. CONSTITUTION, 42 U.S.C. SEC. 1983

18 U.S.C. SEC. 3553, FALSE IMPRISONMENT (1) DEFENDANTS DID INTENDED

TO CONFINE YOU (3) YOU DID NOT CONSENT TO THE CONFINEMENT (4) CONFINEMENT

WAS NOT OTHERWISE PRIVELEDGED. 4th, 6th, 8th, 14th AMENDMENTS

JONES V. UNITED STATES, 91 F.3d 623 (3rd CIR. 1996)

GITTENS V. NEW YORK, 504 N.Y.S. 2d 969 (C.T. C1 1986)

ALLEYEN V. UNITED STATES, 133 S. CT. 2151 (2013)

MCDANIELS V. WINSTEAD 2014 U.S. DISTRICT LEXIS 89212 AT *43 & N. 94

(E.D.P.A. JULY, 2014)

PULLEY V. HARRIS, 465 U.S. 37, 41, 104 S. CT. 871, 79 L.Ed 2d 29 (1984)

(CLAIM)

In order to state a <u>Bevens Caus</u> of action, the Plaintiff must allege the following:

That he or she has a right protected under the Constitutions;

That this constitutional right was violated by a party subject to Liability directly under the Constitution, and

That relief in the form of money damages is an appropriate remedy.

<u>Mickens-Thomas v. Vaughn</u>, 321 F.3d 374, 390-91 (3rd Cir. 2003) <u>Ex Post Facto violation by application of standards of review instituted after prisoner sentenced for parole infractions</u> because denial of prisoner's parole and pre-parole entitlement would have been outside discretionary bound of old standards.

<u>Plyler v. Moore</u>, 129 F.3d 728, 735 (4th Cir. 1997) ( <u>Ex Post Facto violation</u> ) by application of Amendment that "unquestionably" resulted in increasing inmate sentence.

<u>ARGUMENT</u>

When and how does a recommitment affect my sentence calculation?

There are two times when recommitment will change your sentence calculation.

<u>First</u>, if you are <u>convicted of a new crime</u> <u>committed while on parole</u>, <u>the remainder of your unserved sentence from the date you signed your release orders to the maximum expiration date of your sentence will be added to the date you become available to the board</u> (usually either the date you are paroled from the new sentence to the old sentence.)

SECOND, IF YOU ABSCONDED FROM PAROLE (QUIT REPORTING TO YOUR AGENT),

THE NUMBER OF DAYS FROM THE DATE YOU WERE DECLARED AN ABSCONDER UNTIL

THE DATE YOU WERE DETAINED WILL BE ADDED TO YOUR SENTENCE.

1) THIS IS A VIOLATION OF THE U.S. CONSTITUTION EX POST FACTO CLAUS.

ARTICLE I SEC. 10 OF THE UNITED STATES CONSTITUTION PROVIDES, "NO STATE

.... SHALL PASS ANY, ---- EX POST FACTO CLAUS LAW." THIS CLAUS DECLARES

A CONSTITUTIONAL ABSOLUTE, CONGRESS AND STATES MAY NOT ENACT ANY LAW

WHICH IMPOSES ADDITIONAL PUNISHMENT TO THAT THEN PRESCRIBED.

2) PAROLE ELIGIBILITY IS PART OF THE "LAW ANNEXED TO THE CRIME" FOR EX

POST FACTO PURPOSES. REPEALING PAROLE ELIGIBILITY PREVIOUSLY AVAILABLE

PRESENTS A SERIOUS QUESTION UNDER EX POST FACTO CLAUS OF ART. I SEC. 9 C 1.3

OF THE CONSTITUTION, WHICH PROHIBITS IMPOSING "GREATER OR MORE SEVERE

PUNISHMENT THAT THEN WAS PRESCRIBE BY LAW AT THE TIME OF THE OFFENSE."

3) TO VIOLATE THE EX POST FACTO CLAUS, A NEW RULE OR PRACTICE MUST BE

APPLIED RETROACTIVELY AND THERE MUST BE A RISK, READILY APPARENT

FROM THE EXAMINING THE FACE OF THE RULE OR PRACTICE IS TO MAKE THE

GRANTING OF PAROLE MORE DIFFICULT.

4) THE SUPREME COURT HAS HELD THAT THE PRESENCE OF DISCRETION DOES

NOT "DISPLACE THE PROTECTIONS OF THE EX POST FACTO CLAUS. THE DANGER OF

DISFAVORING CERTAIN PERSONS AFTER THE FACT IS PRESENT IN A PAROLE CONTEXT

AND THE EX POST FACTO CLAUS GUARDS AGAINST SUCH ABUSE.

5) (VIOLATING THE EX POST FACTO CLAUS QUALIFIES AS AN CONSTITUTIONAL VIOLATION

IN SATISFACTION OF THE PRISON LITIGATION) WHEN EVIDENCE INDICATES THE PAROLE

BOARD HAS VIOLATED THE U.S. CONSTITUTION, THE MATTER MAYBE REVIEWED

BY A FEDERAL COURT PURSUANT TO SEC. 1983. (SEE PG 12 OF THIS CIVIL COMPLAINT - AMENDMENT 414 SEC.

1.B1. H(b))

ADMINISTRATIVE LAW - THE BODY OF LAW THAT REGULATES THE OPERATION

OF GOVERNMENT AGENCIES.

(ALSO SEE PAGE 6 OF CIVIL COMPLAINT (LIMITATION ON SENTENCE OF TOTAL CONFINEMENT

THE COURT SHALL NOT IMPOSE A SENTENCE OF TOTAL CONFINEMENT (REGULATION)?

22

6) The U.S. Supreme Court has held that (parole policies and practices) creates a significant risk of prolonging an inmates incarceration. Parole policies and practices constitute state action resembling the force of law, Per Garner, Federal Courts are to examine whether as a practical matter has determined whether an Ex Post Facto Act has been performed. Courts are to determine ~~whether~~ inherit wording of the rule as well as it's practical impact.

7) The Supreme Court has interpreted this claus as Prohibiting Congress from passing a law that! (1) Makes an act a crime that was legal when committed; (2) Makes a crime greater than it was when it was committed; (3) Increases the punishment for a crime after it has been committed; or (4) Deprives the accused of a legal defense that was available at the time the crime was committed.

Petitioner's Black's punishment was increased for a crime after it has been committed, his original max date of June 17, 2017 to February 2, 2022. (extended)

[see White v. Indiana Parole Board, 266 F.3d 759, 765-66 (7th Cir. 2001) (prison disciplinary panels are not "courts" for purposes of section 2254 (d) and statutory provisions "(accordingly does not effect collateral review of decisions revoking good-time credits unless the states provide for a judicial review of these decisions ~ review that under sec. 2254 (c) .... A prisoner must pursue.)"

Amendment 474 sec. 1B1.11(b) is amended by inserting the following additional subdivision, (3) If the defendant is convicted of two offenses. The first committed before, and the second after, a revised edition of the guidelines manual became effective, the revised edition of guidelines manual is to be applied to both offenses."

The commentary to sec. 1B1.11 captioned "Application Note" is amended by inserting the following additional note:

"2 Under Subsection (b)(1), The Last date of the offense of conviction is controlling date for Ex Post Facto purposes. For, example, If the offense of conviction (I.e. the conduct charge in the count of the indictment or information of which the defendant was convicted and was determined by the court to have been committed between October 15, 1991 and October 28, 1991, the date of October 28, 1991 is the controlling date for the Ex Post Facto purposes. Petitioner's controlling date is February 2, 2022 and not his original max date of June 17, 2017. In which should be the controlling date is June 17, 2017, his original max date.

Petitioner is seeking relief in monetary damages 28 U.S.C. 2201 and 2202. Rule 65(c) of Federal Rule Pursuant to 28 U.S.C. sec. 2071(A)(c), 2503(b) General 2521(a), U.S.C. sec. 2071-2075 R.C.F., 83(b) 28 U.S.C. sec. 332, in a Constitutional Claim of (Bivens) en which was violated by the Pennsylvania Board of Probation and Parole of the Ex Post Facto Claus - Art. I sec. 9 cl.3 and Art. I sec. 10 claim of 42 U.S.C. sec. 1983 - 18 U.S.C. sec. 3553, for Illegal Incarceration / False Imprisonment for monetary damages of 5.3 (Five point Three) Million Dollars, by Department of Corrections and Pennsylvania Board of Probation and Parole. Plaintiff also seeks recovery of their cost in this suit, as well as possible Release from the Department of Corrections.

Any other additional relief that this court deems Just, proper and Equitable.

Wherefor, Pro-Se, Petitioner, Dominic Black, ask that the Honorable Court to Grant this Relief of monetary damages in this Civil suit Complaint as well as possible Release for the violation of the Ex Post Facto Claus, Illegal Incarceration, violation of 474 sec. 181.11(b), 8th Amendment.

Respectfully Submitted,

Dominic Black

June 3, 2020
DATE

Dominic Black DM3413
SCI Benner Township
301 Institution Dr.
Bellefonte, Pa. 16823

For the Middle District of Pennsylvania

Dominic Black
      Pro-Se Petitioner

    v.

Pennsylvania Board of Probation and Parole, Et. Al
      Defendants

## Certificate of Service

The undersigned is hereby certifies that a true and correct copy of the foregoing document for Civil suit was served upon the person(s) indicated below:

### Service By First-Class Mail

### Addressed As Follows:

John J. Talaber, Esq., Lisa Moser
Pennsylvania Board of Probation and Parole
1101 South Front Street / suit 5100
Harrisburg, Pa. 17104

Dominic Black
SCI# DM3413
SCI Benner Township
301 Institution Dr.
Bellefonte, Pa. 16823

Office of Attorney General
Torts Litigation Unit
15th Flr. Strawberry Square
Harrisburg, Pa. 17120
Pennsylvania Department of Corrections
John Wetzel
1920 Technology Parkway
Mechanicsburg, Pa. 17050



Dominic Black - DM3413
SCI Benner Township
301 Institution Dr.
Bellefonte, Pa. 16823

RECEIVED
SCRANTON

RECEIVED
SCRANTON

JUN 00 2020

PER_____ EP

DEPUTY CLERK

Office of the
United States
Middle Distri
William J. Ne
235 North
P.O.
Scranton,

PRIORITY
MAIL
★ ★ ★

TRACKED
★ ★ ★
INSURED

UNITED STATES
POSTAL SERVICE®
For Domestic and International Use          Label 107R, May 2014